**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HENRY LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, and ) | Civil Case No. 1:16-cv-1171 (RCL) |
| MURIEL BOWSER, *in her official* ) | |
| *capacity as Mayor of District of* ) | |
| *Columbia,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

This is an action brought by Henry Lopez ("plaintiff") against Mayor Muriel Bowser ("defendant") and the District of Columbia ("defendant") pursuant to 42 U.S.C. § 1983, alleging violations of due process. Defendants have moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court finds that the claims against defendant Muriel Bowser in her official capacity as Mayor should be dismissed given that (1) the plaintiff conceded the argument in his opposition to the motion to dismiss and (2) the claim is redundant. Because plaintiff's complaint alleges facts that could reasonably suggest a § 1983 violation, this Court denies defendants' motion to dismiss plaintiff's claims against defendant District of Columbia.

### II.  BACKGROUND

The factual allegations in this case center on defendants failure to execute the final Order of the decision of the Compensation Review Board ("CRB"), effectively denying plaintiff's due process rights. On January 1, 2003, plaintiff, an Emergency Medical Treatment Technician with

1

the District of Columbia, was injured in the course of employment. Compl. ¶ 2, ECF No. 1. Plaintiff filed a claim for disability compensation under the District of Columbia Government Comprehensive Merit Performance Act of 1978 ("the Act") and the claim "was determined to be compensable." Compl. ¶ 8. In 2005, plaintiff sought the recalculation of the temporary total disability benefits in accordance with "the CRB's Decision and Order dated March 25, 2005, the Collective Bargaining Agreement effective in 2004, and disability benefits for the injury to his right shoulder." Compl. ¶ 14. Plaintiff allegedly made multiple attempts to obtain an accounting from the Office of Risk Management ("ORM")/Public Sector Workers Compensation Program ("PSWC") and was ultimately unsuccessful in receiving a Final Decision on his request for calculations. Compl. ¶¶ 15-16. Plaintiff alleges that Mayor Bowser "had a clear, non discretionary, ministerial duty to issue and execute a final Order of the decision of the Compensation Review Board" but she failed to carry out this duty. Compl. ¶¶ 20-21.

As a result of the Mayor's alleged failure, plaintiff claims that his due process rights to appropriate damages and access to the courts were violated given that he was not entitled to a formal hearing before an administrative law judge until a final determination was executed by defendants. Compl. ¶¶ 22-25. Plaintiff claims that he ultimately filed a Writ of Mandamus requiring defendants to sign the final determination on the request for calculations. Compl. ¶ 24. However, plaintiff alleges that "[d]efendants have an unwritten policy which delays the execution of the final determination thereby denying his rightful monetary compensation and access to the courts until such time as the determination was signed as final." Compl. ¶ 26.

### III. MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

The Supreme Court "ruled in *Leatherman* that plaintiffs alleging municipal liability under section 1983 may not be held to a heightened pleading standard" but rather the pleading standard

of Rule 8. *Atchinson v. District of Columbia*, 73 F.3d 418, 421 (D.C. Cir. 1996). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be granted when the plaintiff's complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). But the plaintiff must allege more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### IV. THIS COURT GRANTS DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST MAYOR BOWSER

#### A. Official Capacity

"A section 1983 suit for damages against municipal officials in their official capacities is [] equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). While the D.C. Circuit has not directly addressed the issue of whether a suit against a municipal official in their official capacity should be summarily dismissed when the plaintiff brings the same claim against the municipality, members of this Court and other circuits have routinely adopted this approach on the grounds that retaining both as named defendants is "redundant and an inefficient use of

3

judicial resources." *Chisholm v. Superior Court of the District of Columbia*, 2007 WL 1601718, at *2 (D.D.C. June 4, 2007) (internal citations omitted); *see, e.g., Cotton v. District of Columbia*, 421 F. Supp. 2d 83, 86 (D.D.C. 2006) (dismissing a suit against the District of Columbia's Chief of Police, who was being sued only in his official capacity, because the official-capacity suit was deemed "redundant and [an] inefficient use of judicial resources . . . [and] . . . fail[ed] to state a claim upon which relief [could] be granted . . . ." (internal citations omitted)); *Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 49-50 (D.D.C. 2005) (dismissing claims against the individual defendant brought against him in his official capacity as courts "routinely dismiss[] corresponding claims against individuals named in their official capacity"); *Barnes v. District of Columbia*, 2005 WL 1241132, at *3 (D.D.C. 2005) (granting motion to dismiss because the "plaintiff's claims against the Mayor in his official capacity are duplicative of [the] plaintiff's claims against the District"); *see also Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) ("Actually there is one defendant-the city-not two: for the complaint names the mayor as a defendant in his official capacity only, which is equivalent of suing the city." (citations omitted)); *Lopez v. Maczko*, 2007 WL 2461709, at *7-8 (E.D. Pa. 2007) (agreeing that official capacity claims are duplicative and dismissing the individual defendant) *See also Price v. District of Columbia*, 545 F. Supp. 2d 89, 94 (D.D.C. 2008) (collecting cases listed *supra*).

**B.  Analysis**

This Court finds that the claim against Mayor Bowser should be dismissed given that (1) plaintiff effectively conceded that the Mayor is not a proper defendant and (2) the claims filed against Mayor Bowser in her official capacity are duplicative in nature.

Pursuant to Local Civil Rule 7(b), "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and

authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). Here, defendants' Motion to Dismiss asserted that Mayor Bowser was not a proper named defendant in the suit given that suing Mayor Bowser in her official capacity was redundant. Defs.' Mot. to Dismiss. 4. ECF No. 4. However, plaintiff failed to address this argument in his response. *See* Pl., Henry Lopez's Resp. in Opp'n to Pls.' Mot. to Dismiss. ECF No. 8. Therefore, under Local Civil Rule 7(b) this Court treats the claim against Mayor Bowser in her official capacity as conceded.

Even if plaintiff did not concede the argument against Mayor Bowser, this Court finds that defendant fails to state a sufficient claim against her in her official capcity. While the D.C. Circuit has not ruled on a case being brought against both a municipal official in their official capacity and the municipality, this Court has consistently dismissed official capacity lawsuits given that they are redundant in nature. Here, plaintiff sues both Mayor Bowser in her official capacity and the District of Columbia under the same § 1983 claim. Therefore, this Court finds that naming Mayor Bowser as a defendant is redundant given that the § 1983 claim against Mayor Bowser is effectively a claim against the District of Columbia. Because plaintiff conceded his claim against Mayor Bowser and it is redundant in nature, this Court finds that the plaintiff fails to state a sufficient § 1983 claim against Mayor Bowser.

**V. THIS COURT DENIES DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST DISTRICT OF COLUMBIA**

**A. Legal Standards**

*1. Denial of Access*

Denial of access to courts is recognized as a constitutional violation under § 1983. The Supreme Court has "grounded the right of access to courts in the Article IV Privileges and Immunities Clause." *Christopher v. Harbury*, 536 U.S. 403, 415. (2002) "[T]he object of the

5

denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413. The Supreme Court has recognized two categories of access denial cases:

> In the first are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time . . . . In cases of this sort, the essence of the access claim is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed. The second category covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future . . . . These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future.

*Id.* at 413-414. Plaintiff's access of denial allegations fall within the first category of denial of access cases explained *supra*.

### 2. 42 U.S.C. § 1983

Under 42 U.S.C. § 1983, "[a]ny person who, under color of any law, statute, ordinance, regulation, custom, or usage of any State, shall subject or cause to be subjected, any person to the deprivation of any rights, privileges or immunities secured by the Constitution of the United States, shall . . . be liable to the party injured . . . ." 42 U.S.C. § 1983. Therefore, to state a claim pursuant to § 1983, a plaintiff must establish (1) "the violation of a right secured by the Constitution and the laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A municipality can be subject to liability under § 1983 "for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that

body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipality "is not liable under § 1983 unless a municipal 'policy' or 'custom' is the moving force behind the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 380 (1989) (quoting *Monell*, 436 U.S. at 694). While "a plaintiff need not plead multiple instances of misconduct" to establish a policy or custom, "[a] § 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." *Atchinson v. District of Columbia*, 73 F.3d 418, 419 (D.C. Cir. 1996).

In fact, this Circuit has considered a single alleged instance of misconduct to be sufficient to survive a Rule 12(b)(6) motion. *See id.* In *Atchinson*, the appellant police shooting victim brought a § 1983 action against appellees, alleging that the municipality violated his civil rights given that they failed to properly train its police officers. The district court dismissed the complaint on the grounds that it failed to identify a specific custom, policy statement, or procedure that caused the police shooting victim's injuries. However, the D.C. Circuit reversed the district court's dismissal finding that appellant's allegations that a police officer "shot him in broad daylight on a city street so quickly after ordering him to 'freeze' states facts that may reasonably suggest misconduct sufficiently serious and obvious to justify an *allegation* of improper training in the use of force." *Atchinson*, 73 F.3d at 422. While the Circuit found the allegations sufficient to survive a 12(b)(6) motion, they acknowledged that the police shooting victim "of course, w[ould] need to prove more about the District's police training to prevail on the merits." *Id.*

**B.     Analysis**

This Court finds that plaintiff provides sufficient evidence against defendant District of Columbia to survive a 12(b)(6) motion given that he alleges facts that may reasonably suggest misconduct sufficient to warrant an *allegation* of "an unwritten policy which delays the execution

7

of the final determination thereby denying [plaintiff's] rightful monetary compensation and access to the courts." Compl. ¶ 26.

To state a claim pursuant to § 1983, a plaintiff must establish (1) "the violation of a right secured by the Constitution and the laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48. Denial of access to courts is recognized as a constitutional violation given that "the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *See Harbury*, 536 U.S. at 415. To plead a denial of access claim, the complaint must establish "that systemic official action frustrate[d] a plaintiff or plaintiff class in preparing and filing suits at the present time." *Id.* at 413.

Here, plaintiff's complaint alleges that he sought recalculation of his temporary total disability benefits and he made multiple attempts to obtain an accounting from the ORM but he was ultimately unsuccessful in receiving a Final Decision on his request for calculations from Mayor Bowser. *See* Compl. ¶¶ 15-16. Plaintiff further alleges that Mayor Bowser's repeated failure to issue a timely Final Decision—in accordance with an alleged unwritten policy to delay the exaction of the final determination—violated his due process rights given that he was not entitled to a formal hearing before an administrative law judge until a final determination was executed by defendants. *See* Compl. ¶¶ 22-25, 26. Therefore, this Court finds that the complaint alleges facts that—taken as true—reasonably could establish that defendants took "systematic official action" to "frustrate" plaintiff's ability to seek timely redress in a court of law. Because plaintiff's complaint sufficiently pleads a denial of access claim, this Court finds that the first requirement of a § 1983 claim—the violation of a right secured by the Constitution and the laws of the United States—is satisfied.

This Court then must determine whether "the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48. The Supreme Court qualified that a municipality "is not liable under § 1983 unless a municipal 'policy' or 'custom' is the moving force behind the constitutional violation." *Harris*, 489 U.S. at 380. Here, plaintiff alleges that defendants' "unwritten policy which delays the execution of the final determination" was the moving force behind his denial of access to courts. Compl. ¶ 26. However, defendants argue that plaintiff fails to "plead a plausible municipal liability claim because he failed to identify the custom, policy, or practice that was the 'moving force' behind any alleged constitutional violation." Defs.' Mot. to Dismiss. 5. ECF. No. 4. More specifically, defendants assert that plaintiff's isolated experience is not sufficient to establish a policy or custom relying on a selective quote from *Atchinson* and several cases that have been settled by other judges in this Court.

While the underlying facts in *Atchinson* are disparate this Court finds that they are instructive in its analysis of the present motion to dismiss. In *Atchinson*, the Circuit reversed the dismissal of the district court because appellant's allegations that a police officer "shot him in broad daylight on a city street so quickly after ordering him to 'freeze' states facts that may reasonably suggest misconduct sufficiently serious and obvious to justify an *allegation* of improper training in the use of force." *Atchinson*, 73 F.3d at 422. Here, plaintiff alleges that he was required to get a Writ of Mandamus to force Mayor Bowser to execute a Final Decision on the recalculation of his disability benefits after he had repeatedly made the request through the proper channels of the ORM and PBWC. This Court recognizes that the failure to execute a Final Decision clearly does not rise to the level of severity as a police shooting. However, the D.C. Circuit finds that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. Mandamus is proper only if (1) the plaintiff has a clear right to relief; (2) the defendant

has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Northern States Power Co. v. United States DOE*, 128 F.3d 754, 755 n.1 (D.C. Cir. 1997). Because the plaintiff was allegedly forced to seek the extreme remedy of a Writ of Mandamus to compel Mayor Bowser to issue the Final Decision, this Court finds that plaintiff's complaint states facts that could reasonably suggest enough misconduct to justify an *allegation* of an unwritten policy to delay the execution of final determinations on these matters. Therefore, plaintiff's complaint satisfies the second element of a § 1983 action (the alleged deprivation was committed by a person acting under color of state law). Accordingly, this Court denies defendants Motion to Dismiss plaintiff's claims against defendant District of Columbia. However, it is important to note that to prevail on the merits, plaintiff will need to provide the Court with more evidence regarding the defendants' alleged unwritten policy.

## V. CONCLUSION

For the reasons stated above, this Court will grant defendant Muriel Bowser and defendant District of Columbia's 12(b)(6) Motion to Dismiss plaintiff's claims against Mayor Bowser and deny defendants 12(b)(6) Motion to Dismiss plaintiff's claims against defendant District of Columbia.

A separate order accompanies this memorandum opinion.

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge

DATE: Aug. 1, 2017