# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY LOPEZ, *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Case No: 16-cv-1171-RCL |

## MEMORANDUM OPINION

On August 2, 2017, the Court granted in part and denied in part the defendants' motion to dismiss. *See* ECF Nos. 11 and 12. Now before the Court is the defendant's motion for reconsideration, ECF No. 13, moving the Court to revise its finding that plaintiff's 42 U.S.C. § 1983 claim against the District of Columbia survived dismissal. Upon consideration of defendant's motion, the opposition and reply thereto, the relevant law, and the record in this case, the Court will **GRANT** defendant's motion and dismiss plaintiff's remaining claim.

## I.     BACKGROUND

Plaintiff Henry Lopez filed suit under 42 U.S.C. § 1983 against the District of Columbia ("District") and Mayor Muriel Bowser. He alleged that pursuant to an "unwritten policy" the defendants delayed recalculating his disability benefits and that as a result he was unable to seek review before an administrative law judge. The Court dismissed as redundant the suit against Mayor Muriel Bowser in her official capacity because the District of Columbia was already a named defendant in the suit. However, the Court denied the motion to dismiss the claim as against the District of Columbia. The Court ruled that Mr. Lopez pleaded a plausible Section 1983 claim

1

under the theory that a District of Columbia "unwritten policy" violated his constitutional right of access to courts. *See* ECF No. 12 at 5 ("Denial of access to the courts is recognized as a constitutional violation under § 1983.") (*citing Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs a court's reconsideration of non-final, or interlocutory orders. The rule provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). An order granting a motion to dismiss, in part, is considered an interlocutory order. *Patzy v. Hochberg*, 266 F.Supp.3d 221, 223 (D.D.C. 2017). Courts may permit revision of an interlocutory order "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). Reconsideration "may be warranted when a court has 'patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred.'" *Ali v. Carnegie Institution of Washington*, 309 F.R.D. 77, 80 (D.D.C. 2015) (*quoting U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F.Supp.2d 258, 268 (D.D.C. 2012)).

## III. ANALYSIS

The Court has learned two material facts since its Memorandum Opinion and Order issued on August 2, 2017, militating in favor of dismissal of plaintiff's claim. First, the defendant, in its motion for reconsideration, highlighted for the Court that on July 7, 2017, the District of Columbia repealed Chapter 1 of Title 7 of the District of Columbia Municipal Regulations ("DCMR") in its entirety and adopted new regulations implementing Title 23 of the CMPA (the "Public Sector Workers' Compensation" Program). Rule 153 of these new regulations provides that a "claimant who believes that the Program has incorrectly calculated his or her indemnity benefit may request

an audit of the Program's calculation ...." *See* 7 DCMR § 153.1. After considering an audit request, the Chief Risk Officer must provide the claimant notice of a decision within thirty days. *Id.* at § 153.3. If the Chief Risk Officer fails to provide notice within thirty days "the calculation which forms the basis of the claimant's request for an audit shall be deemed the final decision of the agency ... and the claimant may seek review of the calculations before the Superior Court of the District of Columbia." *Id.* at § 153.3.

The District of Columbia contends that Mr. Lopez can now obtain full relief through the administrative process—he can request an audit and seek review before the Superior Court of the District of Columbia even if the Chief Risk officer fails to make a determination within thirty days. D.C. argues therefore that the plaintiff no longer has a viable constitutional-right-of-access-to-the-courts claim because he must first exhaust his administrative remedy providing a path to court. *See* ECF No. 13 at 7 (*citing Washington v. District of Columbia*, 538 F. Supp. 2d 269, 278 (D.D.C. 2008) ("Couching the claim in constitutional terms will not immunize it from dismissal pursuant to the exhaustion requirement.")). The Court finds this argument compelling. To make out a "forward-looking" constitutional-right-of-access claim, the plaintiff "must be presently denied an opportunity to litigate." *Broudy v. Mather*, 460 F.3d 106, 121 (D.C. Cir. 2006) (quotations and citations omitted). A plaintiff's ability to pursue a claim must be "completely foreclosed." *Id.* Here with the passage of D.C.'s new regulations, the plaintiff's path to court is not "completely foreclosed"—he can request an audit and file suit after thirty days in D.C. Superior Court.

In his opposition brief, Mr. Lopez first contends that since Rule 153 was adopted prior to this Court's ruling on August 2, 2017 (the regulations were adopted on July 7, 2017), it cannot constitute an "intervening change of law" permitting reconsideration. This argument is without merit, because whether or not Rule 153 constitutes an "intervening change of law," the Court was

3

not aware of it at the time the Memorandum Opinion and Order were issued. Since the Court was unware of the new regulations, it failed to consider them, and reconsideration is appropriate under those circumstances. *See Ali*, 309 F.R.D. 77, 80 (D.D.C. 2015) (reconsideration appropriate if court fails to "consider controlling decisions or data.").

Next, Mr. Lopez argues that the case should not be reconsidered on exhaustion grounds because he has already exhausted his administrative remedies. He notes that his benefits were already recalculated on March 31, 2016—a fact that the Court was unaware of at the time it issued its Memorandum Opinion and Order and which further supports dismissal of the claim. *See* ECF No. 15, ¶ 7. The Court construed Mr. Lopez's claim as a "forward-looking" constitutional-right-of-access claim. In his complaint, Mr. Lopez alleged that "he has been unsuccessful in obtaining a Final Decision on the requests for calculation." Complaint, ECF No. 1, ¶ 16. That fact was instrumental in sustaining his claim since he argued that without a final decision he was unable to access review by an administrative law judge. Since he now concedes that his disability benefits were in fact recalculated, the "frustrating condition" that prevented access to courts did not exist when he filed suit in this Court. *See Christopher v. Harbury*, 536 U.S. 403, 414 (2002). Accordingly, this provides a second reason for the Court to reconsider its earlier decision and dismiss the plaintiff's claim.

Plaintiff now appears to be alleging "due process violations of [his] civil rights" based on his being "denied access to his earned financial benefits[.]" ECF No. 15, ¶¶ 9, 10. But the Court construed the plaintiff's claim as a "forward-looking" denial of access claim, not as a due process claim based on a property interest. *See* ECF 12 at 5-10. Plaintiff cannot argue that a claim should not be reconsidered and dismissed on the basis that he has a different viable claim. Moreover even if Mr. Lopez's complaint did include reference to such a due process claim, he did not adequately

4

plead the claim. He does not allege why he has a cognizable property interest protected by state law—which is a necessary condition to attain constitutional due process protections. *Rails Corp. v. Comm. On Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014) ("property interests 'attain … constitutional status by virtue of the fact that they have been recognized and protected by state law.'") (*quoting* Paul v. Davis, 424 U.S. 693, 710 (1976)). A "benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). And here the defendant highlights that D.C. law confers discretion on the Mayor to "modify an award of compensation if the Mayor or his or her designee has reason to believe a change of condition has occurred." *See* D.C. Code § 1-623.24(d)(1). The plaintiff provides no argument as to why his interest in recalculated benefits amounts to a cognizable property interest requiring constitutional due process protections. Nor does he make out a claim that the protections he does have (which includes his ability to appeal the recalculation in D.C. Superior Court) are insufficient. Plaintiff is understandably upset that it took many years for his benefits to be recalculated. But that alone is not enough to establish that the District of Columbia committed a constitutional violation necessary to support a Section 1983 claim.

IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the defendant's motion for reconsideration, ECF No. 13, and **DISMISSES** plaintiff's remaining claim against the District of Columbia. A separate Order accompanies this Memorandum Opinion.

**A separate order will follow**.

Date: March 7, 2018

Royce C. Lamberth
United States District Judge

5